UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

EVELYN MAGALLON,

Defendant.

No.  1:17-cr-00232-DC-1

PRETRIAL ORDER

A trial confirmation hearing in the above-captioned case will be held at **9:30 a.m. on May 1, 2026**, in Courtroom 10. Defendant is required to appear at the trial confirmation hearing unless the court has specifically excused Defendant from appearing at the trial confirmation hearing. Waivers of appearance on file as to other hearings/conferences are not sufficient to excuse Defendant's attendance at the trial confirmation hearing.

The trial of this matter is scheduled to commence at **9:00 a.m. on June 22, 2026**. On the first day of trial, counsel shall be present in the courtroom at 8:30 a.m. to assist in resolving any remaining issues related to the trial. In preparation for the upcoming trial, the court advises the parties of the following.

I.    TRIAL BRIEFS AND STATEMENT OF THE CASE

No later than **4:00 p.m. on June 12, 2026**, the parties may file trial briefs and the government shall file a statement of the case. In their trial briefs, the parties shall address

1

reasonably anticipated disputes concerning the admissibility of evidence, legal arguments, any other information the parties believe is relevant to the trial of the matter, with citations to legal authority where appropriate. In lieu of the government's statement of the case, the parties may file a joint proposed statement to be read by the court to the jury in advance of voir dire explaining the nature of the case to be tried.

II.   PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

All counsel are informed that the court has prepared a set of standard jury instructions for criminal cases. In general, those standard instructions cover all aspects of the trial except those relating to the charges contained in the charging document. *See* 9th Cir. Manual of Model Crim. Jury Instrs. 1.1–1.11, 1.16, 6.1–6.13, 6.18–6.24, 6.32 (2022 ed., last updated September 2025). Accordingly, counsel need not propose instructions concerning matters within the scope of the court's standard instructions unless they intend to object to one of those standard instructions.

As to all other jury instructions, the parties shall attempt to reach agreement, and file the agreed upon jury instructions with the court, designating them as such. Only if the parties, after a good faith effort, cannot agree upon specific instructions or verdict forms shall they file and serve their respective proposed disputed instructions, again, designating them as such. Counsel are directed that their specific proposed jury instructions, both agreed and disputed, shall be filed no later than **4:00 p.m. on June 12, 2026**. In addition, the government shall also file a proposed verdict form no later than **4:00 p.m. on June 12, 2026**. As to any jury instructions and verdict form offered, the proposing party shall also submit a clean copy in Microsoft Word format via email to: dcorders@caed.uscourts.gov.

III.   PROPOSED VOIR DIRE QUESTIONS

The parties may file proposed voir dire questions no later than **4:00 p.m. on June 12, 2026**. Any proposed voir dire questions shall also be submitted in Microsoft Word format via email to: dcorders@caed.uscourts.gov.

IV.   MOTIONS *IN LIMINE*

The parties are required to meet and confer before filing a motion *in limine* to determine if agreement can be reached or the scope of a motion narrowed before filing. Any motion filed shall

2

contain a plain, concise summary of any reasonably anticipated disputes concerning admissibility of evidence, including but not limited to, testimony, physical and demonstrative evidence and the use of special technology at trial, including computer animation, video discs, and other technology. Typically, the court will hear argument on the motions *in limine* on the first day of trial. The court will advise the parties which motions it will resolve before the presentation of evidence following argument.

The parties may file motions *in limine*, if any, by no later than **4:00 p.m. on May 1, 2026**. Any opposition briefs to the motions *in limine* shall be filed no later than **12:00 p.m. on May 6, 2026**.

V.    EXHIBIT LIST AND WITNESS LIST

The government shall, and the defendant may, file an exhibit list and a witness list (to include those reasonably anticipated to be called as rebuttal witnesses) no later than **4:00 p.m. on June 12, 2026**. Exhibit lists shall also be submitted in Microsoft Word format via email to: dcorders@caed.uscourts.gov.

All exhibits should be pre-marked with exhibit stickers provided by the court. The government's exhibits shall be numbered. Should the defendant elect to introduce exhibits at trial, such exhibits shall be designated by alphabetical letter. The parties may obtain exhibit stickers at the Clerk's Office, Suite 4-200, located on the 4th floor of the courthouse. The parties are also ordered to confer after the trial confirmation hearing for the purpose of pre-marking exhibits. All joint exhibits must be pre-marked with numbers preceded by the designation JX (e.g., JX-1, JX-2).[1] No exhibit shall be marked with or entered into evidence under multiple exhibit numbers.

Counsel are to confer and make the following determination with respect to each proposed exhibit to be introduced into evidence, and to prepare separate indexes - one listing joint exhibits, and one listing each party's separate exhibits:

A.    Duplicate exhibits, i.e., documents that all parties desire to introduce into evidence, shall be marked as a joint exhibit, and numbered as directed above.

---

[1]  The court notes that joint exhibits in criminal trials are exceedingly rare, but if there are any joint exhibits, they should be marked as such.

3

Joint exhibits shall be listed on a separate index, and shall be admitted into evidence on the motion of any party, without further foundation.

B.    As to exhibits that are not jointly offered, and to which there is no objection to introduction, those exhibits will likewise be appropriately marked, e.g., Plaintiff's Exhibit 1 or Defendant's Exhibit A, and shall be listed in the offering party's index in a column entitled "No Objections." Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

C.    Those exhibits to which the only objection is a lack of foundation shall be marked for identification, e.g., Plaintiff's Exhibit 2 - For Identification, or Defendant's Exhibit B - For Identification, and indexed in a column entitled "Objection Foundation."

D.    Remaining exhibits as to which there are objections to admissibility not solely based on a lack of foundation shall likewise be marked for identification, e.g., Plaintiff's Exhibit 3 - For Identification or Defendant's Exhibit C - For Identification, and indexed in a third column entitled "Other Objection" on the offering party's index.

Finally, the government shall deliver to the Courtroom Deputy and serve upon defense counsel its exhibit binders, along with the indexes, by **8:30 a.m. on June 22, 2026**.[2] Specifically, the government shall provide three sets of exhibit binders and an electronic set of exhibits on a thumb drive.

VI.    <u>USE OF TECHNOLOGY IN THE COURTROOM</u>

Any party intending to use a videotape or CD for any purpose during trial shall lodge a copy with the Courtroom Deputy by **4:00 p.m. on June 12, 2026**. If a written transcript of audible words appearing on the videotape or CD is available, a transcript of the same is to be lodged with the Court, solely for the aid of the Court.

---

[2]  To the extent defense counsel is able to disclose exhibits prior to trial, they shall be subject to the joint determination procedure set forth above and any defense exhibit binder shall be lodged with the Courtroom Deputy and served on the government in keeping with this deadline.

If counsel intends to use a laptop computer or other technology for presentation of evidence at trial, they shall contact the Courtroom Deputy at least one week prior to trial. The Courtroom Deputy will then arrange a time for counsel to bring the laptop to the courtroom, and meet with a representative of the Information and Technology Department and receive a brief training session on how counsel's equipment interacts with the Court's audio/visual equipment.

VII.    OBJECTIONS TO PRETRIAL ORDER

A party objecting to any aspect of this Pretrial Order may, within seven days of the issuance of this order, file and serve written objections thereto. Objections shall specify a requested correction, addition, or deletion and will be addressed at the trial confirmation hearing.

IT IS SO ORDERED.

Dated:    **April 17, 2026**

Dena Coggins
United States District Judge

5